STATE and SALLY COLLINS v. HOWARD BRUCE.

(Decided May 11, 1898).

*Bastardy Proceedings—Right of Appeal by State or Prosecution—Special Finding of Magistrate in Nature of Special Verdict.*

1. Bastardy being a criminal offence neither the State nor the prosecutrix has a right to appeal from a judgment in favor of the defendant.

2. Where, in a bastardy proceeding, the Justice of the Peace found that, as the result of illicit intercourse between the defendant and prosecutrix, the latter was delivered of a child eight months thereafter which was living at the time of the trial and that he, the trial Justice, did not believe an eight months child could live, and, on these findings, adjudged the defendant to be not guilty; *Held*, that such findings did not constitute a special verdict and, however inconsistent the findings were and however much bad learning and worse reasoning they showed, they did not present a question of law so as to permit an appeal by the State as from an erroneous judgment on a special verdict.

PROCEEDING in bastardy heard before *Bryan, J.*, at February Term, 1898, of VANCE Superior Court on appeal by the prosecutrix, from a judgment of a Justice

STATE v. BRUCE.

of the Peace acquitting the defendant.   His Honor dismissed the appeal and the State appealed to this court. The facts appear in the opinion.

*Mr. Zeb V. Walser, Attorney General,* and *Messrs. Shepherd & Busbee* for the State (appellant).
*Mr. T. M. Pittman* for defendant.

FURCHES, J.:   This is a proceeding in bastardy commenced before S. P. Kearney, a Justice of the Peace, tried by him on the 8th of February, 1898, when the defendant was acquitted, and the State appealed.   In the Superior Court, the defendant moved to dismiss the appeal upon the ground that he was acquitted of the charge before the Justice; that this is a criminal action and the State had no right to appeal from the judgment of the Justice of the Peace to this court.   The defendant's motion to dismiss was allowed, and from the judgment of the Superior Court, dismissing the appeal, the State appealed to this court.

It has been decided by this court that bastardy is a criminal offence and the State has no right to appeal from a judgment in favor of the defendant.   *State* v. *Ostwalt,* 118 N. C., 1208, and cases there cited, where the matter is discussed at length; see also *State* v. *Ballard,* at this term.

But the State undertakes to distinguish this case from those of Ostwalt and Ballard, *supra,* upon the ground that the finding of the Justice who tried the case is in effect a special verdict, and the judgment of acquittal was an erroneous judgment of law pronounced by the Justice upon the "special verdict"—the facts found.

We do not deem it necessary for us to decide in this

122—66

case whether a Justice of the Peace can find a special verdict, when any trial resulting from an appeal from him must be *de novo.* We say it is not necessary for us to pass upon this question, as we are of the opinion that the findings in this case do not amount to a "special verdict." The Justice says he finds that the defendant had intercourse with the prosecutrix on the 15th of April, 1897, and on the 15th of December, 1897, she was delivered of a bastard child, the result of this intercourse on the 15th of April; and as the child is living, and as he does not believe an eight months child *could live,* he found that the defendant was not the father, and so adjudged.

It will be seen that the findings of the Justice are singularly inconsistent with each other; as might be expected where Justices attempt to find "special verdicts." He finds that the defendant had intercourse with the prosecutrix on the 15th April, 1897, and on the 15th of December, 1897, she had a bastard child which was the result of this intercourse.

This finding seems to make him say that the defendant was the father of the child. Then he finds from the argument of counsel (as he says and from his knowledge of such matters) that an eight months child could not live, and as this child did live, and is still living, that the defendant was not the father of the child. However inconsistent these findings may be, they do not present a question of law, but some very bad learning and worse reasoning which resulted in the acquittal of the defendant. Under the authorities cited, the State cannot appeal.

Affirmed.